Sealed

FILED by \_\_\_\_\_ D.C.
AUG 24 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: **16-23636**

UNITED STATES OF AMERICA,
ex rel. ELLIOTT GELBER, Relator,

    Plaintiff,

v.

AKAL SECURITY, INC.

    Defendant.
_____/

FILED IN CAMERA & UNDER
SEAL PURSUANT TO
31 U.S.C. § 3730(b)(2)

## SEALED COMPLAINT

Plaintiff, Elliott Gelber, as Relator to the United States of America, sues Akal Security, Inc. ("Akal") for violating the False Claims Act, 31 U.S.C.A § 3730 ("the Act").

### Introduction

1. Akal Security is a government contractor. It employees approximately 12,000 people and has approximately $1,000,000,000.00 (one billion dollars) in government contracts. Most, if not all, of the government contracts are with the Department of Homeland Security. One such contract concerns providing management and security at four deportation centers (Miami, Florida, El Centro, California, Florence, Arizona, and El Paso, Texas). The contract includes security services on deportation flights. Akal hires air security officers to deport the deportees to their home country. On return flights back to the United States, the air security officers are subjected to an automatic hour one lunch break deduction in their pay. This automatic one hour deduction is taken from the employees' salaries regardless of any actual lunch break. Despite the automatic one hour lunch break deduction, the employees' time is still

1

billed to the United States. Accordingly, the invoices submitted to the United States are fraudulent.

## Parties, Jurisdiction and Venue

2. Plaintiff/Relator, Elliott Gelber, is a resident of Miami-Dade County, Florida. At all relevant times, Plaintiff was an employee of the Defendant at Akal's Miami-Dade deportation facility.

3. Defendant, Akal Security, Inc. is a New Mexico corporation with its principal place of business in Espanola, New Mexico. It operates and/or manages a DHS deportation center in four locations, including one in Miami, Florida.

4. Jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction).

5. Venue is proper in the U.S. District Court for the Southern District of Florida pursuant to 28 U.S.C. § 89(c).

6. All administrative prerequisites have been satisfied or waived.

## Facts Common to All Counts

7. Relator began working for Akal on or about April 2, 2014 as an air security officer. He is based an hourly rate of $25.58. He is subjected to an automatic one hour lunch break during return flights to the United States after dropping off deportees. His employment with Akal is based upon Akal's contract with DHS.

8. Upon information and belief, the DHS contract is a cost-plus contract. The contract requires Akal to comply with all local, state and federal statutes and regulations.

9. Upon information and belief, Akal submits invoices pursuant to the contract that include the one hour that it did not actually pay the employees, including the Relator. The invoices submitted to DHS are therefore inaccurate and fraudulent, resulting in a windfall to

2

Akal. Akal fails to comply with all federal, state and local regulations because it is violating the Fair Labor Standards Act and Florida's minimum wage law.

### Count I – False Claim under the Act, 31 U.S.C. § 3729(a)(1)

10. Relator incorporates paragraphs 1 – 9.

11. Akal knowingly presented, or caused to be presented, to the United States, a false or fraudulent claim for payment or approval.

12. Akal's invoices to DHS overstate their cost by charging the United States for time that it does not actually pay to its employees.

13. Plaintiff/Relator has been damaged as a result.

### Count II – False Record or Statement under the Act, 31 U.S.C. § 3729(a)(2)

14. Relator incorporates paragraphs 1 – 9.

15. Akal knowingly made, used or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the United States.

16. Akal submitted false invoices to the United States. Upon information and belief, the United States paid those false invoices.

17. Plaintiff/Relator has been damaged as a result.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

### Prayer for Relief

Plaintiff prays that this Court enters judgment in his favor, on behalf of the United States, against Akal Security, Inc. and award reasonable attorney's fees, expenses and costs and any other relief this Court deems is appropriate.

Respectfully submitted,

/s/ Matthew Sarelson
Florida Bar 888281
**KAPLAN YOUNG & MOLL PARRÓN**
Attorneys for Plaintiff
600 Brickell Avenue, Suite 1715
Miami, Florida 33131
Phone (305) 330-6090
msarelson@kymplaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 23, 2016, I served a copy of this Sealed Complaint via U.S. Mail, Return Receipt Requested, as indicated below:

/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.

**Service List**
**Case No.:** _____

Matthew Sarelson, Esq.
Florida Bar 888281
**KAPLAN YOUNG & MOLL PARRÓN**
Attorneys for Plaintiff
600 Brickell Avenue, Suite 1715
Miami, Florida 33131
Phone (305) 330-6090
msarelson@kymplaw.com

**Office of the United States Attorney**
Southern District of Florida
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
305-961-9290
305-530-7139 (fax)

**U.S. Department of Justice**
Civil Division, Fraud Section
601 D. Street, N.W., Room 9215
Washington, D.C. 20004

4